JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

JAN 20 1971

THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

PATRICK D. HOWARD
CLERK OF THE PANEL

IN RE WILLINGHAM PATENT LITIGATION)          DOCKET NO. 60

OPINION AND ORDER

BEFORE ALFRED P. MURRAH, CHAIRMAN, AND JOHN MINOR WISDOM,
EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH
S. LORD, III, AND STANLEY A WEIGEL*, JUDGES OF THE PANEL

PER CURIAM

John R. Willingham has commenced three actions in two districts to recover for injuries alleged to result from the failure of others to honor patents on certain of his inventions. The principal defendants named by Willingham in all three actions are Star Cutter Co., a tool manufacturer to which Willingham alleges he assigned his patents, and Ford Motor Co., a purchaser of allegedly infringing tools.

The first action was filed in 1967 in the Northern Division of the Eastern District of Michigan and assigned to Judge Stephen J. Roth. It alleges claims of patent infringement, unfair competition and breach of contractual agreements between Star and Willingham. Summary judgment motions by Willingham and Ford raising the question of Willingham's title to the patents involved in this litigation are presently pending before Judge Roth. The second action was filed by Willingham in the

---

\* Although Judge Weigel did not attend this hearing he has, with the consent of all parties, participated in this decision.

-2-

Southern Division of the same District in 1970. It alleges patent infringement and antitrust violations by twenty-one representative defendants and a defendant class which allegedly conspired to destroy Willingham's patents. This action has also been assigned to Judge Roth. The third action, recently commenced in the Southern District of Ohio, is virtually identical in both allegations and parties to the action just described.

Willingham has moved the Panel for transfer of the Ohio action to the Eastern District of Michigan for coordinated or consolidated pretrial proceedings with the two actions pending there. As all parties make clear, a legal question common to all these actions is whether Willingham has title to the patents on which he sues. This question can only be resolved by discovery of a common set of facts involving, among other questions, the effect of Willingham's original contractual agreement, Star's return of the patents and documents to Willingham and Star's formal reassignment of the patents to Willingham.[1]

The common background of complex fact and the common parties in all three actions make these cases appropriate for

---

[1] The repetitive papers filed with the Panel have been of little help in identifying these common fact questions. The Panel's concern is not with the merits of the title issue but with the question of whether this common legal issue involves common fact questions sufficiently complex to require the use of Section 1407.

coordinated or consolidated pretrial proceedings even though only three cases are involved and the factual complexity is not so great as in *In re IBM Antitrust Litigation*, 302 F. Supp. 796 (JPML 1969). *In re CBS Licensing Antitrust Litigation*, ____ F. Supp. ____ (JPML, January 20, 1971)  Here, as in the *CBS Licensing* cases, transfer of the Ohio action will put all the related cases before a judge familiar with their problems. And no inconvenience to the parties will result since substantially all parties are already before Judge Roth in the other two actions. Rather than delaying decision of the important question of title, as some defendants fear, transfer will enable Judge Roth to settle that question promptly in all three actions, advancing the just and efficient conduct of the litigation as a whole.

We conclude that the requisite common facts are raised by these three actions and that coordinated or consolidated pretrial proceedings will advance their just and efficient conduct and serve the convenience of the parties and witnesses.

IT IS THEREFORE ORDERED that the case listed in the attached Schedule A pending in the Southern District of Ohio be, and the same hereby is, transferred to the Eastern District of Michigan and, with the written consent of that court, assigned to the Honorable Stephen J. Roth for coordinated or consolidated pretrial proceedings with the other related cases listed on Schedule A.

DOCKET NO. 60                                             SCHEDULE A

### EASTERN DISTRICT OF MICHIGAN

John R. Willingham v. Kneeland Industries       Civil Action
                                                No. 2835

John R. Willingham v. Ford Motor Co., et al.    Civil Action
                                                No. 35397

### SOUTHERN DISTRICT OF OHIO

John R. Willingham v. Ford Motor Co., et al.    Civil Action
                                                No. 7689